IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN FAIRMAN, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED                                                                          PLAINTIFF

V.                                                                                           NO. 3:18-CV-632-HTW-LRA

ACCC INSURANCE COMPANY                                                                      DEFENDANT

**MEMORANDUM BRIEF IN SUPPORT
OF MOTION TO DISMISS**

In this putative class action, the Plaintiff seeks to invoke subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Since the putative class includes fewer than five members, the Court lacks subject matter jurisdiction and must dismiss this civil action.

The facts are not in dispute. The Plaintiff was injured in a motor vehicle accident. The vehicle in question was owned by the Plaintiff's wife and was insured by ACCC Insurance Company ("ACCC"). The Plaintiff filed an uninsured motorist ("UM") claim against ACCC. The claim was denied, because the Plaintiff was not a "covered person" as defined by the policy. The Plaintiff seeks to certify a class of Mississippi insureds whose UM claims were denied because they were not "covered persons." According to ACCC, fewer than five claims were denied on such grounds during the relevant period.

The controlling law likewise is settled. First, individuals whose claims are barred by the statute of limitations cannot be members of a putative class. *National Ass'n of Government Employees v. City Public Service Board*, 40 F. 3d 698, 716 (5th Cir. 1994). Second, CAFA

confers subject matter jurisdiction only in putative class actions involving at least 100 class members. *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 860 (5th Cir. 2010).

In this case, the Plaintiff's claims are subject to a three-year statute of limitations, Miss. Code Ann. § 15-1-49, so all putative class members' claims must have accrued on or after September 11, 2015. During the period September 11, 2015 through September 11, 2018, fewer than five Mississippi claimants (including the Plaintiff) were denied UM coverage by ACCC because they were not "covered persons." Therefore, the Court lacks subject matter jurisdiction under CAFA and must dismiss this civil action.

This the 20th day of December, 2018.

                                              Respectfully submitted,

                                              ACCC INSURANCE COMPANY

                                              By Its Attorneys,
                                              BAKER, DONELSON, BEARMAN,
                                               CALDWELL & BERKOWITZ, P.C.

                                              By: */s/ William N. Reed*
                                                  William N. Reed

William N. Reed (MS Bar #4689)
Michael Jones (MS Bar #105697)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
One Eastover Center
100 Vision Drive, Suite 400 (ZIP 39211)
P. O. Box 14167
Jackson, Mississippi 39236
Telephone: 601.351.2410 / Facsimile: 601.351.2424
wreed@bakerdonelson.com
mjones@bakerdonelson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

This the 20th day of December, 2018.

*s/ William N. Reed*
WILLIAM N. REED